# IN THE COURT OF APPEALS OF IOWA

No. 21-0979
Filed October 6, 2021

**IN THE INTEREST OF Z.S.-J. and L.J.,**
**Minor Children,**

**J.J., Father of L.J.,**
    Appellant,

**A.S., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Scott County, Korie Talkington, District Associate Judge.

A mother and a father separately appeal the termination of their parental rights.  **AFFIRMED ON BOTH APPEALS.**

Timothy J. Tupper of Tupper Law Firm, Davenport, for appellant father.

Brenda Drew-Peeples, Davenport, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Jennifer Olsen, Davenport, attorney and guardian ad litem for minor children.

Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**BOWER, Chief Judge.**

A mother and a father separately appeal the termination of their parental rights. We review termination proceedings de novo. *In re A.S.,* 906 N.W.2d 467, 472 (Iowa 2018). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *In re D.W.,* 791 N.W.2d 703, 706 (Iowa 2010).

The mother has two children, Z.S.-J. and L.J., who at the time of the termination-of-parental-rights hearing were ages five and two, respectively. The mother and the father of L.J. are not married but continue to reside together. The department of human services (DHS) became involved with the family in 2018 due to the mother's heroin addiction and lack of proper supervision of Z.S.-J. When L.J. was born in June 2019, the umbilical cord tested positive for methadone and THC. Shortly after L.J.'s birth, the children were removed from parental care.

The father is an alcoholic who continues to drink and also smokes marijuana. The mother reported she smokes marijuana to combat an illness due to radiation therapy for an eye condition. Despite being informed they must address domestic-violence concerns and test negative for THC to have the children returned to their care, the parents have been unwilling or unable to comply with those court orders and expectations.

At the time of the termination hearings in March and April 2021, visits remained fully supervised in an out-of-home setting because the parents did not

take DHS up on its offer to resume visits in the home.[1] The children have been adjudicated children in need of assistance, have been out of parental custody since June 2019—more than the statutory time frame,[2] and cannot be returned to the parents at present. Neither parent denies statutory grounds for termination exist.[3]

Both parents contend, however, the court should not have terminated their parental rights pursuant to Iowa Code section 232.116(3)(c) (2021).[4] They intermingle the contention with a best-interest argument, though neither cites section 232.116(2). "Even after we have determined that statutory grounds for termination exist, we must still determine whether termination is in the children's best interests." *In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (citation omitted). Iowa Code section 232.116(2) instructs, "[T]he court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child."[5] Children need "constant, responsible, and reliable" parenting. *See In re L.L.*, 459 N.W.2d 489, 495 (Iowa 1990). The parents

---

[1] Due to L.J.'s respiratory issues, service providers informed the parents that cigarette and marijuana smoke in the home was not appropriate and suggested any smoking be done outside the home.

[2] The time frame for reunification with respect to Z.S.-J. is twelve months, for L.J. it is six months. *See* Iowa Code § 232.116(1)(f)(3), (1)(h)(3).

[3] The mother's rights to Z.S.-J. were terminated pursuant to Iowa Code section 232.116(1)(e), (f), and (*l*) (2020). The juvenile court terminated the mother's and the father's rights to L.J. pursuant to Iowa Code section 232.116(1)(e), (h), and (*l*).
　　Z.S.-J's biological father's rights were also terminated. He does not appeal.

[4] The State contends the mother did not preserve the issue but acknowledges the father did raise the issue. We will pass on the preservation issue and address the merits.

[5] We refer to this directive as the statutory best-interests framework. *See A.S.*, 906 N.W.2d at 474.

have not been able to provide such parenting. The best placement for the children's long-term nurturing and growth is with a family who can.

"Once we have established that the termination of parental rights is in the child[ren's] best interests, the last step of our analysis is to determine whether any exceptions in section 232.116(3) apply to preclude the termination." *A.S.*, 906 N.W.2d at 475 (citation omitted). The burden to prove a permissive exception to termination under section 232.116(3) rests on the parent. *See id.* at 476.

While there is evidence of a bond between the mother and children, and L.J. recognizes the father and generally responds positively to him, there is not "clear and convincing evidence that termination would be detrimental to the child[ren] due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c). Two-thirds of Z.S.-J.'s life and nearly all of L.J.'s have been spent in the care of others. The mother is fairly consistent in attending the three, two-hour supervised visits each week and provides appropriate parenting while there. The father has attended less than half of offered visits and admits to a very passive role in parenting L.J. The children have not been given a place of importance in the parents' lives. The court's "consideration must center on whether the child will be disadvantaged by termination, and whether the disadvantage overcomes [the parent]'s inability to provide for [the child]'s developing needs." *See D.W.*, 791 N.W.2d at 709. Neither parent has met their burden to persuade us termination is not in the children's best interests.

The children have waited for almost two years in out-of-home placements for the parents to attain stability. Yet, visits remain supervised, neither parent will acknowledge or address domestic-violence concerns, and serious concerns

remain about the parents' substance and alcohol abuse. Neither parent has been able to put the children's needs ahead of their own. Termination of parental rights will provide the children an opportunity for permanence the parents cannot or will not provide. We therefore affirm on both appeals.

**AFFIRMED ON BOTH APPEALS.**